IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| VINCENT GENE SMITH, § | |
|     Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:08-CV-012-Y |
| § | |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
|     Respondent. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Vincent Gene Smith, TDCJ #1317103, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Huntsville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

In July 2003, Smith was charged by indictment with one count of sexual assault of a child

younger than 14 years of age in the 371st District Court of Tarrant County, Texas, Case No. 0887758. (Clerk's R. at 2) The state prosecutor made a plea bargain offer of deferred adjudication, however Smith formally rejected the offer the day before trial on the belief that the victim and her mother, the outcry witness, would not appear in court to testify. (Reporter's R., vol. 6, at 19-20) During the hearing on the state's plea bargain offer, Smith testified that he was aware of the offer, that he understood the meaning of deferred adjudication, and that he declined the offer. (Reporter's R., vol. 2, at 3-4) The trial court asked Smith if he understood that his exposure in the case was five to 99 years confinement or life, to which Smith replied in the affirmative. (*Id.* at 4) Whereupon, the prosecutor stated for the record that the offer was off the table. (*Id.* at 4) The next day Smith pled not guilty to the offense, and a jury was selected. (*Id.*, vol. 3, 3-95)

When trial reconvened the following morning, the victim and her mother appeared in court. (Reporter's R., vol. 6, at 13, 50) Smith's counsel requested a meeting in the trial judge's chambers, where he expressed an interest in accepting the original plea offer. The prosecutor informed counsel that there was no plea offer on the table at that point. (*Id.* at 13-14) Curtis then indicated that Smith might change his plea. (*Id.* at 13) After further consultation, Smith decided to change his plea, and, toward that end, he executed written plea admonishments, judicially confessed to the offense, and entered a plea of guilty to the trial court. (Clerk's R. at 53-56) The trial court accepted his plea and deferred ruling on punishment pending a presentence investigation report (PSI). On June 3, 2005, following a hearing, the trial court found Smith guilty of the offense and assessed his punishment at forty-five years' confinement. (*Id.*, at 59)

Smith filed a notice of appeal and a motion for new trial. (Clerk's R. at 61, 66) After a hearing, the trial court denied Smith's motion for new trial. (Reporter's R., vol. 6, at 75) On appeal,

2

the Seventh District Court of Appeals of Texas affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused Smith's petition for discretionary review. *Smith v. Texas*, 223 S.W.3d 396 (Tex. App.–Amarillo 2006, pet ref,d). Smith did not seek writ of certiorari. (Petition at 3) Thereafter, Smith sought postconviction state habeas relief, to no avail. *Ex parte Smith*, Application No. WR-67,801-01, at cover. This federal petition followed.

### D. ISSUES

Smith claims he received ineffective assistance of trial counsel because (1) counsel failed to investigate his case, prepare for trial and file pretrial motions, (2) counsel's voir dire was inadequate, (3) counsel relied solely on a trial strategy that the state's witnesses would not appear for trial, (4) counsel induced him into pleading guilty by creating the false impression that changing his plea was his only choice at that point and that there was an agreement with both the trial court and the state that he would receive deferred adjudication, and (5) counsel advised him to plead guilty, notwithstanding his innocence. (Amended Petition at 7, 7(a)-(o))

### E. RULE 5 STATEMENT

Quarterman alleges that one or more of Smith's ineffective-assistance claims are unexhausted as required by 28 U.S.C. § 2254(b)(1)(a) and, thus, procedurally barred. However, having reviewed the state court records, it appears Smith sufficiently exhausted his state court remedies by either raising his claims on appeal or in his state habeas application for purposes of this action.

### F. DISCUSSION

#### 1. *Legal Standard and for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant

3

to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The statute further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, as here, it is an adjudication on the merits, which is entitled to this presumption. *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997.)

## 2. *Ineffective Assistance of Counsel*

A criminal defendant has a constitutional right to the effective assistance of counsel at trial.

U.S. CONST. amend. VI. To prevail on an ineffective assistance claim in the context of a guilty plea, a defendant must demonstrate that his plea was rendered involuntary by showing that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984). There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 688.

A voluntary, knowing, and intelligent guilty plea waives all nonjurisdictional defects in the proceedings against a defendant preceding the plea, including all claims of ineffective assistance of counsel that do not implicate the voluntariness of the guilty plea. *See Beasley v. McCotter*, 798 F.2d 116, 118-19 (5th Cir. 1986); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Thus, before addressing Smith's claims on the merits, it is necessary to determine whether Smith's guilty plea was voluntary, knowing, and intelligent. A guilty plea is voluntary, knowing, and intelligent if done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *See Brady v. United States*, 397 U.S. 742, 748 (1970). If a challenged guilty plea is knowing, voluntary, and intelligent, it will be upheld on federal habeas review. *See James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979). He must show such a strong degree of misunderstanding, duress, or misrepresentation by the court, prosecutor, or his own counsel that his plea would become a constitutionally inadequate basis for imprisonment. *Id.* (citing *Blackledge v.*

5

*Allison*, 431 U.S. 63, 75 (1977)).

At the hearing on his motion for new trial, Smith testified that he rejected the state's original plea offer based on multiple factors, including the fact that he and his counsel were informed that the victim and her mother would not appear to testify, but that he changed his plea because counsel advised him that the judge would give him deferred adjudication. Relying to his detriment on counsel's representations, he believed the state had renewed the plea offer. He conceded, however, that the judge admonished him, and he was aware, that he was open to the full range of punishment. Knowing this, he testified he voluntarily entered his guilty plea. (Reporter's R., vol. 6, at 35-39)

Smith's counsel, who had been practicing criminal law for forty-plus years, testified at the hearing and in an affidavit filed in the state habeas proceedings, that he was surprised that Smith turned down the state's original plea bargain offer for deferred adjudication and that he gave Smith a choice to plead guilty and get deferred adjudication, which Smith refused to do, or plead guilty, which would involve prison time. According to counsel, the decision to reject the state's original plea offer was, in part, because the victim and her mother had indicated to Smith that they would not be in court. Counsel asserted that nevertheless he had a trial strategy based on defending the case in the usual and customary manner and was not relying only on the state's witnesses not appearing. According to counsel, the sudden appearance of the key witnesses for the State caused a great mental disturbance to Smith. After it became apparent that the witnesses were available, he discussed renewing the plea bargain offer with the prosecutor in chambers, but she refused. He then discussed Smith's options with him and encouraged Smith to change his plea. Based on his experience, it was counsel's opinion that because of the "light" nature of the offense and the fact that there had been only one occurrence, a good possibility existed that the judge would give him

6

deferred adjudication probation, whereas the jury panel looked "pretty grim" and "would probably be pretty foul." Counsel testified that he did not believe Smith was guilty and that Smith's decision to plead guilty was based on his advice. After lengthy discussions with him, Smith made the choice to plead guilty. (*Id.* at 26-70; State Habeas R. at 65-67)

Based on the state court record and counsel's affidavit, the state habeas court entered findings, upon which the Texas Court of Criminal Appeals denied relief, that Smith had failed to prove counsel misled him about the possibility of deferred adjudication, that counsel's advice was not improper under the circumstances of the case, that counsel gave him no other choice than to plead guilty, that his guilty plea was the product of persuasion or lack of understanding, or that his guilty plea was not knowingly, intelligently, and voluntarily made. (State Habeas R. at 71-74) Applying the *Strickland* standard, the court concluded Smith had received effective assistance of counsel. Clearly, the state habeas court determined counsel's testimony on the issue to be credible. Such credibility determinations are entitled to a presumption of correctness. *See Smith*, 711 f.2d at 682.

Furthermore, the documentary record reflects that Smith entered his guilty plea in open court and was advised by counsel and the trial court of his rights, waivers, and the full range of punishment for the offenses. Smith executed the written plea admonishments in which he acknowledged that he understood the admonishments and was aware of the consequences of his pleas, including the possible punishment, that he was "totally satisfied" with the representation received from counsel, and that counsel provided fully effective and competent representation, and he judicially confessed to committing the offense as charged in the indictment. (Clerk's R. at 54) *See Blackledge*, 431 U.S. at 74; *Kelley v. Alabama*, 636 F.2d 1082, 1084 (5th Cir. 1981). Such

7

representations by a defendant during plea proceedings carry a strong presumption of verity. *Blackledge*, 431 U.S. at 74. Smith's claims, after the fact, unsupported by anything in the record, are insufficient to rebut the presumption that he received effective assistance of counsel and the presumption of regularity of the state court records. *See Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding state court records "are entitled to a presumption of regularity"); *Siao-Pao v. Keane*, 878 F. Supp. 468, 472 (S.D.N.Y. 1995); *see also*, *e.g., Panuccio v. Kelly*, 927 F.2d 106, 109 (2nd Cir. 1991) (a defendant's testimony after the fact suffers from obvious credibility problems).

Smith has not presented proof sufficient to rebut the state court's factual findings by clear and convincing evidence, the regularity of the state court records, or the correctness of the state courts' adjudication of the issue. *See Babb v. Johnson*, 61 F. Supp. 2d 604, 607 (S.D. Tex. 1999); *see also Hill*, 210 F.3d at 485; *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994). It appears Smith, after much discussion with counsel and consideration, made the voluntary, knowing, and intelligent choice among the alternative courses of action open to him, and, fully understanding those options, he elected to enter an open plea of guilty. *See North Carolina v. Alford*, 400 U.S. 25, 31 (1970). Although based on counsel's assurances that there was a reasonable likelihood that he would receive deferred adjudication or community supervision given his admission of guilt and the nature of the offense, Smith was aware of the risk of a greater sentence and chose to accept that risk. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *Jones v. Butler*, 864 F.2d 348, 356 (5th Cir. 1988). Counsel's obligation is to inform a criminal defendant of the advantages and disadvantages of a trial as compared with those attending a plea of guilty. *Brady v. United States*, 397 U.S. 742, 754-55 (1970). Often a criminal defendant, even if he is unwilling or unable to admit his guilt, will agree to plead guilty to an offense, having been so informed by counsel, in order to avoid a

potentially longer sentence by a jury. Such a decision on the part of a defendant does not render counsel's representation deficient or a plea involuntary. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970); *Brady*, 397 U.S. at 749-50. That being the case, the remainder of Smith's claims, involving matters occurring before entry of his plea, are waived.

The state courts' decision is not contrary to or involve an unreasonable application of *Strickland* in light of the record as a whole and is entitled to deference and the presumption of correctness.

## II. RECOMMENDATION

Smith has failed to satisfy the legal standard for habeas corpus relief set forth above, and his petition for writ of habeas corpus should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February 11, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Garcias v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th

Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until February 11, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 20, 2009.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE